IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JACQUELINE CHALMERS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 23-788 ) |
| MARTIN O'MALLEY,[1] *Commissioner of Social Security*, | ) ) ) ) |
| Defendant. | ) ) ) |

O R D E R

AND NOW, this 11th day of April, 2024, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision denying Plaintiff's claim for disability insurance benefits under Subchapter II of the Act, 42 U.S.C. §§ 401 *et seq.,* finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms.  *See* 42 U.S.C. § 405(g); *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153-54 (2019); *Jesurum v. Secretary of U.S. Dep't of Health & Human Servs*, 48 F.3d 114, 117 (3d Cir. 1995) (citing *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988)).  *See also Berry v. Sullivan*, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be

---

[1]  Martin O'Malley is substituted as the defendant in this matter, replacing former Acting Commissioner Kilolo Kijakazi pursuant to Federal Rule of Civil Procedure 25(d) and 42 U.S.C. § 405(g).

affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (*citing Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981)).[2]

---

[2]    Plaintiff argues that the Administrative Law Judge ("ALJ") erred in crafting her residual functional capacity ("RFC"). (Doc No. 7). Specifically, she contends that the ALJ erred by failing to explain his rejection of the handling and reaching limitations opined by Dr. Ryan Vietmeler, D.P.T., Plaintiff's physical therapist, and by inappropriately exchanging his own lay opinion for that of a physician when deciding that Plaintiff did not need reaching or handling limitations in her RFC. (*Id.* at 6-13). For the following reasons, the Court disagrees and affirms the ALJ's finding of non-disability.

The Court notes that the RFC finding is a determination expressly reserved to the Commissioner. *See* 20 C.F.R. §§ 404.1527(d)(2); 404.1546(c). In crafting the RFC, the ALJ must consider all of the evidence and "give some indication of the evidence which he rejects and his reason(s) for discounting such evidence." *Burnett v. Comm'r of Soc. Sec. Admin.*, 220 F.3d 112, 121 (3d Cir. 2000) (citing *Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999)). Additionally, "no rule or regulation compels an ALJ to incorporate into an RFC every finding made by a medical source simply because the ALJ gives the source's opinion as a whole 'significant' weight." *Wilkinson v. Comm'r of Soc. Sec.*, 558 Fed. Appx. 254, 256 (3d Cir. 2014).

Here, the ALJ found Plaintiff had the RFC "to perform the full range of sedentary work[.]" (R. 22). In crafting this RFC, the ALJ evaluated Dr. Vietmeler's functional capacity evaluation, indicating a sedentary exertional level, and found it "somewhat persuasive." (R. 25). The ALJ noted that Dr. Vietmeler opined that Plaintiff could lift 10 pounds occasionally, push 25.4 pounds, pull 22.9 pounds, constantly sit and stand, frequently walk, constantly climb stairs and ladders, occasionally reach, constantly balance, and frequently stoop, kneel, and crouch. (*Id.* (citing Ex. 3F/4-5)). The ALJ then adopted an RFC that Plaintiff could perform a full range of sedentary work without any other limitations. (R. 22).

The Court rejects Plaintiff's first argument that the ALJ erred in not appropriately explaining his decision not to include Dr. Vietmeler's opined reaching and handling limitations. (Doc. No. 7 at 6-9). The ALJ's assessment of Dr. Vietmeler's opinion was logical, and his rejection of Dr. Vietmeler's opined reaching and handling limitations is supported by substantial evidence. The ALJ found this evaluation "somewhat persuasive" because it was "somewhat vague and did not establish any upper limit on what the claimant could do." (R. 25). Indeed, Dr. Vietmeler specifically noted that his functional capacity evaluation captured Plaintiff's "minimal functional ability level." (R.

657). This differs from the RFC finding, which is a determination of the most a claimant can do despite his or her limitations. 20 C.F.R. § 404.1545(a)(1). Second, the ALJ's rejection of Dr. Vietmeler's opined manipulative limitations was reasonable, as the ALJ noted that Plaintiff had several severe impairments impacting her right arm and shoulder, but that medical evidence revealed that Plaintiff's impairments improved with conservative treatments and medications. (R. 26). He therefore determined that Plaintiff's right upper extremity problems did not require limitations beyond the limitation to sedentary work. (R. 25). While he had found Dr. Vietmeler's opinion "somewhat persuasive," the ALJ was under no obligation to accept all limitations contained in that opinion into Plaintiff's RFC. *See Wilkinson*, 558 Fed. Appx. at 256. In sum, the ALJ's decision provided a sufficient explanation for his analysis of Dr. Vietmeler's opinion, and substantial evidence supports the ALJ's formulation of the RFC, including his decision not to include any specific reaching and handling limitations.

The Court likewise finds no merit to Plaintiff's argument that the ALJ improperly substituted his own lay opinion in crafting an RFC without reaching or handling limitations. (Doc. No. 7 at 10-13). This Court has previously rejected the argument that ALJs must premise their RFC findings upon a specific medical opinion. *See Hornyak v. Colvin*, No. CV 15-74-E, 2016 WL 1255288, at *1 n.1 (W.D. Pa. Mar. 30, 2016) (citing *Doty v. Colvin*, 2014 WL 29036 (W.D. Pa. Jan. 2, 2014); *Callahan v. Colvin*, 2014 WL 7408700 (W.D. Pa. Dec. 30, 2014)). The RFC is an administrative finding. *See* 20 C.F.R. § 404.1527(d). Accordingly, ALJs are obligated to review all the evidence and decide what limitations are appropriate for inclusion in the RFC; fulfilling that obligation does not mean an ALJ has inappropriately substituted his or her lay opinion for the medical opinion evidence in the record. *See Galloway v. Comm'r of Soc. Sec.*, No. CV 20-4669, 2021 WL 4477145, at *4 (E.D. Pa. Sept. 30, 2021).

In this case, the ALJ did not substitute his lay opinion by choosing not to include reaching or handling limitations in Plaintiff's RFC. Instead, the ALJ reviewed all the evidence, including Plaintiff's slow, steady improvement in physical therapy, and unremarkable physical examinations. (R. 24-25). Further, the ALJ noted that the degree of limitation Plaintiff alleged in her testimony was not supported by evidence in the record. (R. 26). Additionally, the ALJ noted that Plaintiff's activities of daily living were inconsistent with her complaints of prolonged and consistent disabling functional limitations. (*Id.*). In reviewing all of this evidence, the ALJ decided to not include reaching or handling limitations in the RFC. Accordingly, the ALJ's RFC finding is supported by substantial evidence.

For all these reasons, the Court affirms the decision of the ALJ.

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 6) is DENIED and that Defendant's Motion for Summary Judgment (Doc. No. 8) is GRANTED.

s/Alan N. Bloch<br>United States District Judge

ecf:	Counsel of record